**Saeng Yu MAH; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73127.

Agency Nos. A72–527–186, A72–527–187.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 12, 2004.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Petitioners argue that the BIA violated their due-process rights by dismissing their appeal without opinion pursuant to the "streamlined" appeals process of 8 C.F.R. § 3.1(a)(7). Whether read as a facial challenge to streamlining or as a claim that the particular facts of their case make streamlining inappropriate here, their argument is foreclosed by our opinion in *Falcon Carriche v. Ashcroft.*[1]

Petitioners next argue that it was error for the IJ to reject their claims because of inconsistencies between Mr. Mah's testimony and his written application for asylum. We interpret this assignment of error (as has the government in its brief) as a challenge to the IJ having made an adverse credibility finding, which led to his discrediting Mr. Mah's testimony. Petitioners misread the IJ's decision. After

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52, 855 (9th Cir.2003).

noting the inconsistencies, the IJ said that he "will assume for purposes of argument that [Mr. Mah] has testified in a credible manner in the instant case." Thus, there is no adverse-credibility determination for us to review.

■ Next, petitioners assert that the IJ's denial of asylum and withholding of removal was erroneous. Their argument has two parts: (1) Mr. Mah has a well-founded fear of future persecution; and (2) the IJ improperly ignored past persecution as a potential avenue for relief.

As for the first of these assertions, under the substantial-evidence standard of review, we may only reverse if the record compels the conclusion that Mr. Mah has a well-founded fear of future persecution.[2] We find no such compulsion. Using State-Department reports, the IJ noted changes in the governing regime of South Korea and reforms in the laws under which Mr. Mah was arrested. The IJ's conclusion from this information is supported by substantial evidence.

As for the second part of the argument, that the IJ ignored past persecution, petitioners' counsel has once again misread the IJ's decision. The IJ assumed *arguendo* that Mr. Mah did suffer past persecution. This makes him a refugee and thus eligible to be considered for asylum.[3] Nevertheless, under the applicable regulations, "an immigration judge, in the exercise of his or her discretion, *shall* deny the asylum application of an alien found to be a refugee on the basis of past persecution if ... [t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution."[4] Since the IJ went on to find that Mr. Mah does not have a well-founded fear because of the changes in South Korea, he was correct in his interpretation of how the applicable regulations cabined his discretion to grant asylum based on past persecution.[5]

Also without merit is petitioners' argument that the IJ's finding as to changed country conditions was not "individualized" enough under our caselaw. That caselaw requires that the IJ explain how the changes "serve to rebut [a petitioner's] particular fear of future persecution," which the IJ did in this case.[6]

Because they have not shown a well-founded fear of future persecution, petitioners are necessarily ineligible for withholding of removal, which requires the higher showing that future persecution is more likely than not.[7]

Petitioners' final argument that it was a due-process violation for the BIA not to address relief under the Convention Against Torture is meritless. Petitioners never requested such relief.

**PETITION DENIED.**

---

2. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

3. *See* 8 U.S.C. § 1158(b)(1); *id.* § 1101(a)(42)(A).

4. 8 C.F.R. § 208.13(b)(1)(i)(A) (emphasis added).

5. Petitioners have not shown that the assumed past persecution was so severe as to qualify for the exception to the above-quoted regulation, which would return discretion to the IJ. *Id.* § 208.13(b)(1)(iii); *see also Lal v. INS*, 255 F.3d 998, 1003–11 (9th Cir.2001).

6. *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998).

7. *Ghaly*, 58 F.3d at 1429.